IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **KEVIN LEE McCARROLL, #353836,** | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:09-CV-1018-O |
| | ) | |
| **RICK THALER, Director,** | ) | |
| **Texas Department of Criminal Justice,** | ) | |
| **Correctional Institutions Div.,** | ) | |
| Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:  This is a *pro se* petition for habeas corpus relief submitted by a state prisoner.

Parties:  Petitioner is currently confined within the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID) at the Sanders Estes Unit in Venus, Texas. Respondent is the Director of TDCJ-CID. The court did not issue process in this case pending preliminary screening. The magistrate judge issued two questionnaires to Petitioner, who filed his answers thereto on June 25 and July 7, 2009.

Statement of the Case:  On March 16, 1983, Petitioner pled guilty to murder in the 50th Judicial District Court of Baylor County, Texas, Cause No. 4288-H, and was sentenced to 30

years imprisonment.  He was twice released on mandatory supervision/parole, and on both occasions his parole was revoked.

In this action, Petitioner challenges the denial of street time or flat time credits following the second parole revocation on November 26, 2005.  He alleges that the taking of his street time credits, or flat time served, has altered the length of his sentence in violation of his due process rights.  Specifically, he alleges that "TDCJ-CID has stopped and restarted [his] sentence and extended it until May 12, 2018."  *See* Memorandum filed June 23, 2009, at 2.[1]

The court previously granted Petitioner's motion for joinder of claims, which sought to amend the habeas corpus petition to challenge his classification.  Petitioner alleges that his classification has effectively denied him the opportunity to earn educational good time credits, for which he first became eligible on April 2, 1985.  (*See* Petitioner's July 14, 2009 motion to amend (styled as a motion for joinder of claims)).  Since his second parole revocation, TDCJ has classified Petitioner as a Line Class I with no opportunity to earn educational good-time credits, instead of a Line Class I C earning 15 days of educational good-time credits per month.  (Pet's Memorandum in Support of Mot. for Joinder at 2).  Petitioner remained a Line Class I until May 26, 2006, when he was reclassified as a State Approved Trusty (SAT) Class III, ineligible for educational good-time credits, instead of a SAT Class III C eligible for educational good-time credits.  (*Id.*).

---

[1] For purposes of this recommendation, the petition is deemed filed on June 1, 2009, the date Petitioner signed it and presumably placed it in the prison mail.  *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding that a federal petition is deemed filed for determining application of the AEDPA when the prisoner tenders it to prison officials for mailing).

Prior to filing this action, Petitioner filed three time credit disputes with TDCJ: on September 14, 2007, May 23, 2009, and June 8, 2009. (*See* Pet's Answer to Suppl. Question 1). According to Petitioner, TDCJ denied the first time credit dispute on July 2, 2008, but it has not issued a decision on the 2009 submissions.

Petitioner also filed two state habeas applications, pursuant to art. 11.07, Texas Code of Criminal Procedure, the first on or about January 15, 2009, and the second on or about May 25, 2009. The Texas Court of Criminal Appeals dismissed the first application for failing to comply with Texas Gov't Code § 501.0081(b), *see Ex parte McCarroll*, No. 43,489-11 (May 13, 2009), and denied the second application without a written order, *see Ex parte McCarroll*, No. 43,489-12 (June 24, 2009).

<u>Findings and Conclusions</u>: The present petition is subject to summary dismissal pursuant to Rule 4, of the Rules Governing Section 2254 Proceedings. That Rule provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

I.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. *See* 28 U.S.C. § 2244(d). The court may raise the affirmative defense of the statute of limitations *sua sponte*. *See Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999); *see also* Rule 4 of the Rules Governing § 2254 proceedings. In accordance with *Kiser*, the court issued a questionnaire on June 22, 2009, advising Petitioner of the one-year statute of limitations and granting him an opportunity to

3

explain why his case should not be barred by the statute of limitations or why the limitations period should be tolled on equitable grounds. Petitioner filed his response to the questionnaire on June 25, 2009. (*See* Answer to Question 4 of first Questionnaire).

Petitioner seeks to challenge the denial of street time or flat time served while on parole, and his classification since his second parole revocation. In the context of parole-revocation proceedings and the resultant loss or denial of various time credits, subsection (D) governs when the limitations period begins to run. *See Heiser v. Johnson,* 263 F.3d 162, 2001 WL 803542 (5th Cir. 2001) (No. 00-14008) (unpublished per curiam); *see also Kimbrell v. Cockrell,* 311 F.3d 361, 3363-64 (5th Cir. 2002) (applying 2244(d)(1)(D) in prison disciplinary case resulting in loss of good time credits). Applying subsection (D), courts have concluded that the very latest date, on which a petitioner could or should have been aware of the loss of time credits is when the Board revokes his parole, or shortly thereafter when he returns to TDCJ-CID. *Hill v. Quarterman*, No. 3:06cv409-G; 2008 WL 1904399, *2 (N.D.Tex. 2008) (unpublished); *Chapa v. Quarterman*, No. C-07-207, 2007 WL 2964376, *3 (S.D. Tex. 2007); *Biggins v. Dretke,* No. 3:03-CV2005-P, 2004 WL 1898255, at *2 (N.D. Tex. Aug. 24, 2004) (unpublished).

By inference, the same reasoning applies to the classification claim, which arose after Petitioner returned to TDCJ following his second parole revocation.

Petitioner alleges that his parole was revoked on November 26, 2005, and he was recommitted to TDCJ shortly thereafter, where he was denied time credits for time spent on parole, and reclassified first to Line Class I and then to SAT Class III without the benefit of educational good-time credits. Petitioner contends that until November 2008 he was unaware that his maximum expiration date had been extended. On that date, he allegedly received a time

4

sheet from TDCJ in response to a time dispute resolution. (*See* Petition at 7; Answer to Question 4 of the first Questionnaire).

Petitioner's contention that he was unaware of his street-time-credit claim until November 2008 is unpersuasive and conclusory at best. Petitioner concedes filing a time credit dispute resolution as early as September 14, 2007, specifically challenging the calculation of his street time credits. (*See* Answer to Question 2 of the first questionnaire). The court must, therefore, conclude, that he knew or should have discovered, through the exercise of due diligence, on the date of his second parole revocation, or shortly after he was recommitted to TDCJ, that his street time credits had been denied.

The same applies to Petitioner's contention that TDCJ denied him the opportunity to earn educational good-time credits following his second parole revocation. Clearly, by the time he returned to TDCJ, or at the very latest by May 2006, Petitioner knew or should have known that he had been reclassified as a Line Class I and then as a SAT Class III with no opportunity to earn educational good time credits.

Under the above scenarios, the one-year limitations period began on November 27, 2005 (when his parole was revoked), or at the latest by May 2006, and closed one year later on November 26, 2006, or at the latest by May 31, 2007. Statutory tolling is unavailable. Petitioner filed neither a time credit dispute resolution, nor a state habeas application raising either of his claims during the one-year period. Therefore, his street-time credit and classification claims are both time barred unless the one-year period is tolled on equitable grounds.

"The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930-

31 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998)). In *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085 (2007) (quoted case omitted), the Supreme Court stated that to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."

The allegations in this case do not present the type of extraordinary circumstances and due diligence required for equitable tolling. *Id.* Petitioner's own pleadings document substantial delays on his part, and he fails to offer any explanation for his failure to pursue habeas corpus relief diligently. Petitioner delayed over nineteen months following the revocation of his parole, and fifteen months following his second reclassification, before filing his first time credit dispute resolution. (Answer to Supplemental Question 1). Upon the denial of the first time credit dispute resolution on July 2, 2008, Petitioner did not immediately file his first art. 11.07 application. He waited instead until January 15, 2009, an additional six months. These unexplained delays – clearly of Petitioner's own making – do not constitute due diligence or rare and extraordinary circumstances warranting equitable tolling. It is well established that "equity is not intended for those who sleep on their rights. *Fisher v. Johnson*, 174 F.3d 714, 715 (5th Cir. 1999).

Although Petitioner proceeds *pro se,* his incarceration and ignorance of the law do not otherwise excuse his failure to file a timely petition and are not grounds for equitable tolling. *See Id.* at 714; *see also Cousin v. Lensing,* 310 F.3d 843, 849 (5th Cir. 2003) (noting that a petitioner's ignorance or mistake is insufficient to warrant equitable tolling).

The party seeking equitable tolling has the burden of showing entitlement to such tolling. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). Because Petitioner has not carried his burden of establishing that equitable tolling is warranted, in the exercise of discretion the District Court should refuse to apply equitable tolling and dismiss the habeas petition as time barred.

II.

Alternatively, the petition should be denied on the merits. There is no federal constitutional right to credit for street time spent on parole prior to revocation of the same. *Thompson v. Cockrell,* 263 F.3d 423, 426 (5th Cir. 2001). *See also Campos v. Johnson,* 958 F.Supp. 1180, 1192 (W.D.Tex. 1997) ("It has been clear in this Circuit for almost three decades that a Texas prisoner has no constitutionally-protected right to credit against his state sentence for time served on parole prior to revocation of same."). Thus, in and of itself, Petitioner's claim for street time credit fails to raise a federal habeas corpus claim for relief.

Nevertheless, the court addresses Petitioner's argument based on a 2001 amendment to Texas state law, which authorizes credit on an inmate's sentence for time spent on parole or mandatory supervision *if* the inmate is not specifically excluded due to the nature of his current or past offenses, and *if* he has served a significant amount of street time prior to revocation. *See* Tex. Gov't Code Ann. § 508.283(c). Before the 2001 amendments, § 508.283(c) provided that, if a person's parole or mandatory supervision was revoked, the person "may be required to serve the remaining portion of the sentence ... without credit" for street time. Thus, since 2001, § 508.283(c) awards street time if, at the time the parole revocation warrant is issued, the person

7

has spent more time on release than he had left to serve *and* he is not a person "described by § 508.149(a)" of Tex. Gov't Code Ann.

It is important to note, however, that § 508.149(a) excludes from mandatory release consideration inmates who are serving sentences for, or who have been previously convicted of, certain crimes, including murder, such as Petitioner.[2] As a matter of fact, § 508.283(b) specifically states that a person described in § 508.149(a) is *not* entitled to street time credit:

> (b) If the parole, mandatory supervision, or conditional pardon of *a person described by Section 508.149(a)* is revoked, the person, the person may be required to serve the remaining portion of the sentence on which the person was released. The remaining portion is computed *without credit* for the time from the date of the person's release to the date of the revocation.

Tex. Gov't Code § 508.283(b) (emphasis added).

In 1982, when Petitioner committed murder, his offense was not excluded from mandatory release consideration. In 1995, however, the legislature made ineligible those inmates who had *ever* been convicted of one of the enumerated offenses set forth in § 508.149(a), which included murder.

The Texas Court of Criminal Appeals recently held that "[e]ligibility under § 508.283(c) for credit against sentence for time spent on early release is determined by the law in effect on the date the releasee's parole or mandatory supervision was revoked, including the version of § 508.149(a) in effect on the date of revocation," rather than on the date of the releasee's original offense." *Ex parte Hernandez*, 275 S.W.3d 895, 897 (Tex. Crim. App. 2009); *see also Ex parte*

---

[2] Section 508.149 provides in relevant part:
(a) An inmate may not be released to mandatory supervision if the inmate is serving a sentence for *or has been previously convicted of* . . .

(2) a first degree felony or a second degree felony under Section 19.02, Penal Code; . . . .
Tex. Gov't Code Ann. § 508.149 (2009).

*Johnson*, 273 S.W.3d 340, 342-43 (Tex. Crim. App. 2008) (whether a person, whose mandatory supervision is revoked, is entitled by statute to time credit, against the prison sentence upon revocation of mandatory supervision, for time spent on release pursuant to mandatory supervision, depends, in part, on his status on the date of revocation, i.e., whether at such time he is serving a sentence for or has been previously convicted of an offense which makes him ineligible for mandatory supervision).

Since at the time of his parole revocation, Petitioner was a person described in § 508.149(a), he was not entitled to street time credit on his sentence for time spent on parole prior to revocation pursuant to § 508.283(c). *Chapa v. Quarterman*, 2007 WL 2964376, *4-6 (S.D. Tex. 2007) (by virtue of his 1981 conviction for aggravated assault with a deadly weapon, inmate was a person described in § 508.149(a) and as such was not entitled to street time credit on his sentence for time spent on parole, prior to his revocation under § 508.283(c)). Accordingly, Petitioner's time credit claim lacks merit and should be denied.

Petitioner's classification claim fares no better. Petitioner does not complain about educational good-time credits previously earned and lost. Rather he complains about the *opportunity* to earn educational good time credits since the revocation of his parole. Specifically, he argues that his classification (first as Line Class I and then as SAT Class III) has denied him the ability to earn educational good time credits.

In Texas, good-time credit is a privilege, not a right. *See* Tex. Gov't Code Ann. § 498.003(a). A Texas inmate does not earn good-time credit simply for good behavior. Depending on his classification, a Texas inmate may earn good-time credit if he is found to have actively engaged in an agricultural, vocational, or educational endeavor, in an industrial program

9

or other work program, or in a treatment program.  *See* Tex. Gov't Code Ann. §§ 498.003(a), (d).

It is well established that neither the Constitution nor § 498.003(a) creates a right to earn good-time credit.  *See Malchi v. Thaler,* 211 F.3d 953, 959 (5th Cir.2000) (*opportunity to earn good-time credits is not a protected liberty interest in Texas, even if the inmate is eligible for mandatory release*).  Nor do inmates have a protected liberty or property interest in their custodial classification.  *See Harper v. Showers,* 174 F.3d 716, 719 (5th Cir.1999); *see also Sandin v. Conner,* 515 U.S. 472, 485, 115 S.Ct. 2293 (1995) (finding no liberty interest in prisoner's administrative segregation absent atypical, significant deprivation); *Luken v. Scott,* 71 F.3d 192, 193 (5th Cir.1995) (following *Sandin* and finding that collateral loss of opportunity to earn good time credits, as a result of being placed in administrative segregation, did not create a protected liberty interest); *Moody v. Baker,* 857 F.2d 256, 257-58 (5th Cir.1988) (finding no protectable interest in custody classification).  Because Petitioner relies on a legally nonexistent interest, any alleged due process or other constitutional violation arising from his classification is meritless.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition for a writ of habeas corpus be DISMISSED with prejudice as barred by the one-year statute of limitations and, in the alternative, that it be summarily DENIED on the merits.

A copy of this recommendation will be transmitted to Petitioner.

Signed this 29th day of September, 2009.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.